UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONALD RAY WILLIAMS,<br>Defendant. | Case No. 08-CR-00040-LHK-1<br>Case No. 17-CV-06331-LHK<br>**ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL**<br>Re: Dkt. Nos. 448, 435 |

Before the Court is the Government's motion to dismiss Defendant Williams's October 31, 2017 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 448. In its motion, the Government argued that Defendant's motion is untimely and that equitable tolling is not appropriate. For the following reasons, the Court requires additional briefing before it can rule on the Government's motion. Because the Court believes the aid of defense counsel is needed, the Court administratively stays the case and orders the Federal Public Defender to identify a Criminal Justice Act panel attorney who is available to take this case.

## I. PROCEDURAL BACKGROUND

Because this case has spanned many years and the original counsel, probation officer, and judge have either retired or are no longer assigned to the case, the Court reconstructs the relevant

1
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

case history to the extent possible.

On January 30, 2008, a grand jury in the Northern District of California returned an indictment against Defendant charging him with a single count of arson under 18 U.S.C. 844(i). The case proceeded to trial before United States District Judge Jeremy Fogel on January 9, 2009. Leading up to and during the trial, Defendant was represented by Assistant Federal Public Defender Manuel Araujo. On January 29, 2009, a jury found Defendant guilty of arson.

Sentencing was originally set for April 15, 2009. However, on March 5, 2009, Judge Fogel granted the parties' stipulation relieving the Federal Public Defender as Defendant's attorney and substituting Susan Dondershine as defense counsel.[1] ECF No. 207. Judge Fogel therefore continued the sentencing to June 24, 2009. Sentencing did not occur for nearly four years, though, due to various competency proceedings. The Court describes these proceedings to the extent possible below because they are relevant to Defendant's § 2255 motion.

First, on April 17, 2009, Judge Fogel granted Defendant's motion (ECF No. 209) to determine the mental competency of Defendant. ECF No. 214. In his order, Judge Fogel found that "Defendant Donald Ray Williams may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense" and ordered Defendant "be committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility." *Id.* At the same time, Judge Fogel suspended the criminal proceedings. *Id.* However, at a later competency hearing on November 4, 2009, Ms. Dondershine stated that she no longer had doubts as to whether Defendant was competent. ECF No. 250 at 2-3. Accordingly, at that hearing, Judge Fogel found Defendant to be competent to proceed with post-trial motions and sentencing. *Id.* at 3.

On January 4, 2019, however, the Court received a report by defense expert Dr. Silva in which Dr. Silva opined that Defendant is mentally incompetent. ECF No. 298 at 3, 5. Based upon that report, Defendant filed a second motion to determine his mental competency (ECF No. 294),

---

[1] It appears Ms. Dondershine was retained by Defendant at the time of substitution, ECF No. 207, but became CJA-appointed on November 10, 2009, ECF No. 249.

2
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

1   which the Court granted on January 12, 2011. ECF No. 297. The Court therefore ordered that the
2   Bureau of Prisons perform an evaluation of Defendant's competency. *Id.* The competency
3   evaluation was completed by Dr. Hope on March 30, 2011. *See* ECF No. 307 at 5; ECF No. 341
4   at 4. On May 6, 2011, Judge Fogel found, pursuant to 18 U.S.C. § 4244(d), "that the defendant is
5   presently suffering from a mental disease or defect and that he should, *in lieu* of being sentenced
6   to imprisonment, be committed to a suitable facility for care or treatment." ECF No. 311.

After over a year of treatment, on August 20, 2012, Judge Fogel ordered that Defendant be reevaluated by the Bureau of Prisons for competency. ECF No. 328. Dr. Wolfson completed the evaluation and concluded that Defendant was competent to be sentenced. ECF No. 395 at 2-3. At a status conference on January 31, 2013, Judge Fogel found that Defendant's "health is restored to the point where he can . . . participate in the proceedings" and reinstated sentencing proceedings. ECF No. 396 at 2-3.

On May 22, 2013, Judge Fogel sentenced Defendant to 240 months imprisonment plus 3 years of supervised release. ECF No. 349; *see* ECF No. 354 (transcript). Defendant was also ordered to pay a $100 special assessment and $28,619,275.46 in restitution. ECF No. 350. Defendant moved for reconsideration on June 3, 2013 (ECF No. 355), and Judge Fogel denied the motion on July 1, 2013 (ECF No. 365).

On July 12, 2013, Defendant filed a notice of appeal with the Ninth Circuit appealing the judgment ("first appeal"). ECF No. 369. The first appeal was assigned case number 13-10381 by the Ninth Circuit. ECF No. 371.

While the first appeal was pending, on September 19, 2013, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. ECF Nos. 407, 403 (declaration of Manuel Araujo in support of the motion). Because a defendant in a federal criminal prosecution generally is not entitled to have a direct appeal and a § 2255 motion considered simultaneously, Judge Fogel "defer[red] consideration of and administratively terminat[ed]" the § 2255 motion pending disposition of the appeal numbered 13-10381. ECF No. 414 (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988)). In his order, Judge Fogel stated, "Following

3
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

issuance of the mandate by the Court of Appeals, the motion will be reinstated upon Defendant's request." *Id.*

In response, Defendant filed a notice of appeal on January 16, 2014 that appealed Judge Fogel's order deferring consideration of the § 2255 motion ("second appeal"). ECF No. 419. The second appeal was assigned case number 14-15147 by the Ninth Circuit. ECF No. 422.

Neither of Defendants' appeals was briefed and decided on the merits. On March 4, 2014, the Ninth Circuit granted appellant's motion for voluntary dismissal of the first appeal. ECF No. 423. Shortly thereafter, on March 21, 2014, the second appeal was dismissed for failure to prosecute. ECF No. 425.

On December 16, 2014, Defendant's case was reassigned to the undersigned judge for all further proceedings. ECF No. 426. Defendant did not request to reinstate his § 2255 motion and no substantive activity occurred in the case until October 31, 2017, when Defendant refiled a copy of his September 19, 2013 § 2255 motion. ECF No. 435. Defendant mailed the motion to the Court himself, even though he was still being represented by Ms. Dondershine. ECF No. 437. As a consequence, on November 2, 2017, Ms. Dondershine filed a notice asking the Court to essentially ignore Defendant's filing and instead wait until "mid-March 2018" for her to take further action. *Id.*

On November 17, 2017, the Court issued an Order to Show Cause why Defendant's § 2255 motion should not be denied as untimely. ECF No. 438. The order gave Ms. Dondershine until December 15, 2017, to demonstrate good cause in writing why Defendant's motion to vacate his conviction should not be denied as untimely. *Id.* Ms. Dondershine responded in a notice on November 18, 2017 in which she stated that she planned to withdraw because she was unavailable until March 2018. ECF No. 439. In order to accommodate Ms. Dondershine, the Court continued the December 15, 2017 deadline to respond to the Order to Show Cause to March 30, 2018. ECF No. 440. Despite receiving the extension, Ms. Dondershine failed to meet the March 30, 2018 deadline. The Court then ordered counsel to file by April 13, 2018 a notice indicating whether she continued to represent Defendant. ECF No. 441. The Court stated that it would deem counsel to

4
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

have withdrawn if she failed to file a notice by April 13, 2018. *Id.* Ms. Dondershine failed to make any filing by April 13, 2018, so the Court deemed her to have withdrawn on July 27, 2018. ECF No. 446.

On August 23, 2018, the Government filed a motion to dismiss Defendant's § 2255 motion as untimely. ECF No. 448 ("Mot. to Dismiss"). Defendant filed a response pro se on August 31, 2018. ECF No. 450 ("Opp.").

## II. DISCUSSION

In its motion to dismiss, the Government argues (1) that Defendant's § 2255 motion is barred by the one-year statute of limitations period, and (2) that Defendant is not entitled to equitable tolling. As set out below, the Court is not prepared to decide either issue without further briefing and the aid of defense counsel.

### A. Timeliness

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Upon the filing of a § 2255 motion, "the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto," "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitations period for all motions brought under the statute. That provision also specifies:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). There is no indication that the dates referenced in § 2225(f)(2), (3), or (4) apply to this case, which means that the one-year statute of limitations runs from the date Defendant's conviction became final.

For purposes of § 2255(f)(1), a judgment becomes "final" and the one-year limitations period is triggered once "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). In the instant case, Defendant filed notices of appeal with the Ninth Circuit, but the Ninth Circuit subsequently dismissed his appeals. Defendant did not petition for certiorari with the United States Supreme Court following those dismissals. When a defendant makes an unsuccessful direct appeal but does not appeal to the United States Supreme Court, the judgment becomes final when the 90-day window for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003).

Here, Defendant's second appeal (numbered 14-15147) was dismissed on March 21, 2014. Defendant's time to appeal to the United States Supreme Court expired 90 days later on June 19, 2014. Accordingly, the judgment became final on June 19, 2014 and a timely § 2255 motion should have been filed no later than June 19, 2015.

According to the Government, Defendant's § 2255 motion is not timely because it was not filed "until October 31, 2017—more than two years after his conviction became final." Mot. to Dismiss at 3. However, Defendant's October 31, 2017 motion was a renewal of his original September 19, 2013 motion. Judge Fogel had "defer[red] consideration of and administratively

6
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

terminat[ed]" the September 19, 2013 motion pending disposition of Defendant's first appeal (numbered 13-10381). ECF No. 414. Judge Fogel's order stated, "Following issuance of the mandate by the Court of Appeals, the motion will be reinstated upon Defendant's request." *Id.* Yet, in its brief, the Government does not address Defendant's original September 19, 2013 filing, which was made before June 19, 2015. The Court therefore requires additional briefing as to the impact, if any, of the September 19, 2013 filing on the timeliness of Defendant's § 2255 motion.

**B. Equitable tolling**

On the current record, the Court is also unable to decide whether Defendant would be entitled to equitable tolling if the Court ultimately finds that Defendant's § 2255 motion is untimely. The Government acknowledges that equitable tolling is available in the § 2255 context. Mot to Dismiss at 3 (citing *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004)). "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Gibbs v. Legrand*, 767 F.3d 879, 884–85 (9th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In support of its contention that Defendant is not eligible for equitable tolling, the Government says only that "Defendant has offered no explanation as to why he could not have filed his motion within the one-year statute of limitations." Mot. to Dismiss 4. That was true at the time the Government filed its motion. In his opposition, however, Defendant alleges facts that, if true, may entitle him to equitable tolling.

First, Defendant states that his attorney, Ms. Dondershine, never told him that she voluntarily dismissed his first appeal or that she failed to prosecute his second appeal. Opp. at 1. Instead, Defendant believed the appeals were duly briefed and being decided on the merits. *Id.* He says he "practice[d] due diligence" in trying to understand the status of the appeals, but was simply told by Ms. Dondershine that "the appeals process could 'take years.'" *Id.* at 1-2. Defendant says he "was finally told by counsel his appeals were 'done' and that counsel was filing a 28 U.S.C. § 2255 motion on his behalf." *Id.* at 2. However, it is not clear when Defendant was

7
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

told that the appeals were "done." Crucially, Ms. Dondershine may not have informed Defendant until after the June 19, 2015 deadline to file a § 2255 motion had passed. The Ninth Circuit has said that an attorney's failure to inform a client that his appeal has been decided constitutes "attorney abandonment," and that such abandonment can create "extraordinary circumstances sufficient to justify equitable tolling." *Gibbs*, 767 F.3d at 886.

Second, Defendant says Ms. Dondershine continually represented to him that she would file his § 2255 motion, but she never did. After being told the appeals were "done," Defendant says he "continuously contacted counsel" about the status of the § 2255 motion, and "was told it was 'being handled.'" *Id.* "Eventually, he felt that counsel was stringing him along," so Defendant took it upon himself to file the § 2255 motion originally prepared in September 2013. *Id.* When the Court ordered Defendant to show cause why his § 2255 motion should not be dismissed as untimely, Ms. Dondershine failed to do so. Defendant says that "during this time, the Petitioner was told by counsel it was 'in hand' and 'not to worry.'" *Id.* Then, at some point, all contact from Ms. Dondershine stopped. *Id.* In *Doe v. Busby*, the Ninth Circuit held that equitable tolling was appropriate when the defendant's attorney failed to file a § 2244(d) petition "after misleading Doe to believe a filing would occur." 661 F.3d 1001, 1011 (9th Cir. 2011). The Ninth Circuit found that such behavior rises beyond "mere negligence by the attorney" and instead constitutes "an extraordinary impediment" to timely filing. *Id.* at 1012.

Moreover, the fact that Defendant has repeatedly written to the Court asking for updates on his case supports his contention that he diligently tried to find out the status of his appeals and his § 2255 motion from Ms. Dondershine. *See, e.g.*, ECF Nos. 455, 454, 453, 445, 444. The Court also notes that it was ultimately forced to deem Ms. Dondershine to have withdrawn from the case, after she failed to comply with Court's order to file a notice indicating whether she continued to represent Defendant.

Based on Defendant's representations and the relevant Ninth Circuit case law, the Court believes equitable tolling may be warranted in the instant case. However, the Government has not had an opportunity to respond to Defendant's opposition.

8
Case Nos. 08-CR-00040-LHK-1, 17-CV-06331-LHK
ORDER STAYING CASE PENDING APPOINTMENT OF COUNSEL

In addition, further development of Defendant's version of events would be helpful. For instance, Defendant's opposition contains no specifics on the timing of various events. Even if the Court concludes that Ms. Dondershine's actions constituted "extraordinary circumstances," Defendant tolling must show that he "remained diligent in the fact of . . . failures by his former attorney." *Busby*, 661 F.3d at 1012. The question of whether a petitioner exercised "reasonable diligence" is a "fact-intensive" one. *Luna v. Kernan*, 784 F.3d 640, 649 (9th Cir. 2015). Facts such as when Defendant learned about the dismissal of his appeals and "the frequency and nature of the attorney-client communications," *Busby*, 661 F.3d at 1013, are relevant to Defendant's diligence.

Accordingly, the Court cannot decide the equitable tolling issue at this time.

### C. Appointment of Counsel

For the foregoing reasons, the Court requires additional briefing in order to decide the instant motion to dismiss. The Court believes that the aid of defense counsel would be helpful in that regard, but Defendant currently lacks counsel. The Criminal Justice Act permits a district court to appoint counsel "for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28" if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court has previously appointed counsel for Defendant under this provision (ECF No. 428) and is satisfied that the requirements are still met. The Court will therefore appoint new counsel for Defendant. Pursuant to General Order No. 2, the Court orders the Federal Public Defender to identify a panel attorney who is available to take this case.

Additionally, in the interest of providing Defendant with a more speedy resolution of his motion, the Court intends to also order briefing on the merits of the § 2255 motion. However, the Court finds Defendant's pro se § 2255 motion to be largely incomprehensible. Accordingly, upon the appointment of new defense counsel, the Court will permit Defendant to file an amended § 2255 motion. The Government will have the opportunity to object to such amendment in its briefing on the merits of Defendant's § 2255 motion.

### III. CONCLUSION

9

In order to appoint new defense counsel, the Court stays the case. The stay is an internal administrative procedure that does not affect rights of the parties. The Federal Public Defender shall identify a panel attorney who is available to take this case. Once counsel is appointed, the Court will hold a status conference with the parties and set a briefing schedule.

**IT IS SO ORDERED.**

Dated: November 18, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge